# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRIAN A. MAUS

    Plaintiff,

v.                                                 Case No. 25-CV-764

KEVIN CARR, *et al.*,

    Defendants.

## ORDER

    Plaintiff Brian A. Maus, who was previously incarcerated and is representing himself, filed a civil rights complaint under 42 U.S.C. § 1983 alleging that the defendants violated his civil rights. (ECF No. 1.) He also filed a motion to proceed without prepayment of the filing fee (ECF No. 2), and motion for default judgment (ECF No. 7). This order resolves those motions and screens the complaint.

    The court has jurisdiction to resolve his motions and screen the complaint in light of Maus's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

Maus was not incarcerated when he filed his complaint. The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must first determine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

The court has reviewed Maus's motion to proceed without prepayment of the filing fee and has found he is indigent. As such, the court turns to screening the compliant for merits.

**SCREENING THE COMPLAINT**

The standards for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in her favor. *Id.* at 612. Although a complaint need not contain "'detailed factual allegations,'" a complaint that offers "'labels and conclusions' or 'a formulaic

2

recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

*Maus's Allegations*

Maus alleges that on November 21, 2021, defendant Sarah Cooper posted a memo in Maus's housing unit at Kettle Moraine Correctional Institution informing prisoners that "all mail coming from family or friends to inmates in the Wisconsin Dept. of Corrections will be sent to Text Behind and all letters and pictures will be photo-copied and sent to the inmates, etc. But all inmates will have to sign (DOC-2468) giving Text Behind permission to open and copy all pictures and mail of inmates." (ECF No 1, ¶ 3.) That same day, Kettle Moraine staff called up prisoners to the officers' desk to have them sign the consent form to allow Text Behind to open their mail. (*Id.*, ¶ 4.) If the prisoners refused to sign, they would not be able to receive mail or pictures from family and friends. (*Id.*) Maus signed the form giving Text Behind permission to open and copy mail and pictures from family and friends. (*Id.*)

On December 9, 2021, Text Behind began opening Maus's mail. (ECF No. 1, ¶ 6.) Maus then alleges that between December 6, 2021, and May 25, 2025, Text Behind conspired with Kettle Moraine staff to open between 20 and 80 of Maus's letters without his consent. (*Id.*, ¶ 7.) On December 10, 2022, Maus field an inmate complaint, and alleges that complaint examiners Jane Doe, Noble, Davidson, and O'Donnel "conspired with Text Behind" causing the dismissal of his inmate complaint. (*Id.*, ¶¶ 8-12.)

3

*Analysis*

It is unclear whether Maus is alleging that he was forced to consent to allowing Text Behind to open mail from his family and friends or that he refused consent. Regardless, Maus does not state a claim.

While generally "prisoners have a constitutionally-protected interest in their incoming and outgoing mail correspondence," prisons may "impose restrictions on prisoner correspondence if those restrictions are 'reasonably related to legitimate penological interests.'" *Van den Bosch v. Raemisch*, 658 F.3d 778, 785 (7th Cir. 2011) (citations omitted). Courts within this district have recognized that the Wisconsin Department of Corrections has a valid penological interest in using Text Behind as a third party to prevent the introduction of contraband into DOC institutions. *See Mays v. Cooper*, Case No. 22-cv-1180-bhl, 2024 WL 4056657 (E.D. Wis. Sept. 5, 2024); *Stibbe v. Evers*, Case No. 22-cv-278-pp, 2022 WL 1225299 (E.D. Wis. April 26, 2022). These courts have also found then when it comes to mail from family and friends, as opposed to legal mail, giving prisoners a choice between consenting to Text Behind's opening of their mail and not receiving their mail does not violate a prisoner's First Amendment rights. *Id.*

Here, Maus does not allege that he did not receive legal mail or that his legal mail was tampered with. He simply alleges that his mail from his family and friends was opened (possibly without his consent). This does not state a constitutional claim. Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the court need not do so where the amendment would be futile. *See*

4

*Boyd v. Bellin*, No. 20-3087, 2021 WL 479769 (7th Cir. Feb. 10, 2021). Maus's complaint is thorough in its allegations of facts surrounding this claim, so the court finds that further amendment would be futile. As such, Maus's case is dismissed.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Maus's that Maus's motion to proceed *in forma pauperis* is **DENIED** and this case is **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) because the complaint fails to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time,

generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 8th day of October, 2025.

STEPHEN DRIES
United States Magistrate Judge