**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**Brian A. Maus**

**Plaintiff,**

**v.** **Case No. 25-CV-764**

**KEVIN CARR, *et al.*,**

**Defendants.**

---

## REPORT AND RECOMMENDATION

---

Plaintiff Brian A. Maus, who was previously incarcerated and is representing himself, filed a civil rights complaint under 42 U.S.C. § 1983 alleging that the defendants violated his civil rights. (ECF No. 1.) The court initially dismissed this case at screening. (ECF No. 10.) However, Maus appealed, and the Seventh Circuit Court of Appeals dismissed the appeal because one defendant, Text Behind, had not consented to the jurisdiction of this court. (ECF No. 23 at 3.) Thus, the Seventh Circuit determined that it did not have jurisdiction, and the case still remains pending before this court.

Because, as mentioned above, not all parties have had the opportunity to consent to magistrate-judge jurisdiction, this court cannot "resolve the case finally." *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461, 475 (7th Cir. 2017).

The clerk of court shall therefore randomly reassign this matter to a district judge for consideration of the recommendations outlined below.

**REPORT AND RECOMMENDATION**

*Federal Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Morris Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Maus's Allegations*

Maus alleges that on November 21, 2021, defendant Sarah Cooper posted a memo in Maus's housing unit at Kettle Moraine Correctional Institution informing prisoners that "all mail coming from family or friends to inmates in the Wisconsin Dept. of Corrections will be sent to Text Behind and all letters and pictures will be photo-copied and sent to the inmates, etc. But all inmates will have to sign (DOC-2468) giving Text Behind permission to open and copy all pictures and mail of inmates." (ECF No 1, ¶ 3.) That same day, Kettle Moraine staff called up prisoners to the officers' desk to have them sign the consent form to allow Text Behind to open their mail. (*Id.*, ¶ 4.) If the prisoners refused to sign, they would not be able to receive mail or pictures from family and friends. (*Id.*) Maus signed the form giving Text Behind permission to open and copy mail and pictures from family and friends. (*Id.*) On December 9, 2021, Text Behind began opening Maus's mail. (ECF No. 1, ¶ 6.) Maus then alleges that between December 6, 2021, and May 25, 2025, Text Behind

conspired with Kettle Moraine staff to open between 20 and 80 of Maus's letters without his consent. (*Id.*, ¶ 7.) On December 10, 2022, Maus field an inmate complaint, and alleges that complaint examiners Jane Doe, Noble, Davidson, and O'Donnel "conspired with Text Behind" causing the dismissal of his inmate complaint. (*Id.*, ¶¶ 8-12.)

*Analysis*

It is unclear whether Maus is alleging that he was forced to consent to allowing Text Behind to open mail from his family and friends or that he refused consent. Regardless, Maus does not state a claim.

While "prisoners have a constitutionally-protected interest in their incoming and outgoing mail correspondence," prisons may "impose restrictions on prisoner correspondence if those restrictions are 'reasonably related to legitimate penological interests.'" *Van den Bosch v. Raemisch*, 658 F.3d 778, 785 (7th Cir. 2011) (citations omitted). Courts within this district have recognized that the Wisconsin Department of Corrections has a valid penological interest in using Text Behind as a third party to prevent the introduction of contraband into DOC institutions. *See Mays v. Cooper*, Case No. 22-cv-1180-bhl, 2024 WL 4056657 (E.D. Wis. Sept. 5, 2024); *Stibbe v. Evers*, Case No. 22-cv-278-pp, 2022 WL 1225299 (E.D. Wis. April 26, 2022). These courts have also found when it comes to mail from family and friends, as opposed to legal mail, giving prisoners a choice between consenting to Text Behind's opening of their mail and not receiving their mail does not violate a prisoner's First Amendment rights. *Id.*

Here, Maus does not allege that he was denied legal mail or that his legal mail was tampered with. He simply alleges that general mail from his family and friends was opened (possibly without his consent). This does not state a constitutional claim. Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the court need not do so where the amendment would be futile. *See Boyd v. Bellin*, No. 20-3087, 2021 WL 479769 (7th Cir. Feb. 10, 2021). Maus's complaint is thorough in its allegations of facts surrounding this claim, so I conclude that further amendment would be futile.

**IT IS THEREFORE RECOMMENDED** that the case be **dismissed** for failure to state a claim upon which relief be granted and judgment entered accordingly.

Maus is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72(b)(2), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of entry of this recommendation. Failure to file a timely objection with the district judge shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 27th day of October, 2026.

Stephen C. Dries

STEPHEN DRIES
United States Magistrate Judge