UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRIAN A. MAUS,

Plaintiff,

v.

Case No. 25-cv-0764-bhl

KEVIN CARR et al.,

Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On May 27, 2025, Plaintiff Brian Maus, who is representing himself in this 42 U.S.C. §1983 case, filed a complaint against Defendants alleging that they violated the First Amendment by repeatedly opening and photocopying his non-legal mail outside of his presence without his consent. Dkt. No. 1. On October 27, 2026, Magistrate Judge Stephen C. Dries recommended that this action be dismissed because the opening of a prisoner's non-legal mail outside of his presence does not state a claim on which relief can be granted. Dkt. No. 24.

Maus timely filed objections to Judge Dries's Report and Recommendation on November 9, 2026. *See* General L. R. 72(c), 28 U.S.C. §636(b)(1)(B) and (C), and Fed. R. Civ. P. 6(d) and 72(b)(2). Maus clarifies that the State Defendants had informed him that if he did not consent to Text Behind opening and photocopying his mail, the mail would be returned to the sender unopened. According to Maus, he refused to consent, but Text Behind still opened and photocopied his non-legal mail. Dkt. No. 25.

The Court will adopt Judge Dries's recommendation to dismiss this action because Maus's allegations fail to state a claim under the First Amendment. Nothing in the complaint suggests that the mail policy restricted Maus's access to his mail or unreasonably burdened his right to free expression. *See Birkely v. Ball*, No. 25-2729, 2026 WL 2597921 (7th Cir. Sept. 2, 2026). "Prison regulations that affect a prisoner's receipt of mail must be reasonably related to legitimate penological interests." *Id.* at *2 (quoting *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999)). The Seventh Circuit recently confirmed that prison authorities may inspect incoming or outgoing non-

legal mail for contraband. *See id.* The appellate court recognized that the "right to free speech [is] not absolute, that jail security is a legitimate governmental interest, and that jails should be allowed to develop appropriate mail-access policies (e.g., policies that deprive bad actors from smuggling drugs into the facilities by many means, including coated papers that can be smoked, chewed, or ingested)." *Id.* Because "prison administrators receive 'substantial deference' in 'defining the legitimate goals of a corrections system and . . . determining the most appropriate means to accomplish them,'" the policy about which Maus complains does not violate the Constitution. *Id.* (quoting *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003)).

Maus's insistence that he did not consent to his mail being opened and copied is irrelevant to the Court's analysis. Maus was offered the opportunity to consent as a courtesy, not because his consent was required under the Constitution. Nor is it legally significant that officials may have violated their own policies when they sent Maus's mail to Text Behind to be opened and photocopied despite his refusal to consent. As has long been held, "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and [] practices." *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003). The only issue before the Court is whether the opening and copying of Maus's non-legal mail outside of his presence violates the First Amendment. It does not.

**IT IS THEREFORE ORDERED** that Magistrate Judge Dries's Report and Recommendation (Dkt. No. 24) is **ADOPTED** and this case is **DISMISSED** based on Maus's failure to state a claim on which relief can be granted.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin on November 10, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.